## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CINCH, LLC, a Nebraska Limited Liability Company,** | ) ) ) | |
| **Plaintiff,** | ) ) | 8:13CV140 |
| V. | ) ) | |
| **AMERICAN FARMERS AND RANCHERS INSURANCE COMPANY, and TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,** | ) ) ) ) ) ) | **ORDER** |
| **Defendants.** | ) ) | |

Defendant Travelers Indemnity Company of Connecticut ("Travelers") has moved to strike the testimony of Plaintiff's expert witness, David Oelkers ("Oelkers"). Travelers maintains that Oelkers's testimony should be excluded because Plaintiff failed to file an expert disclosure complying with the requirements of Fed. R. Civ. P. 26(a)(2) in accordance with the Court's scheduling order. (Filing 62.) Defendant American Farmers and Ranchers Insurance Company ("American") also requests that Oelkers's testimony be excluded. (Filing 65.) American additionally requests that the Court strike the testimony of Plaintiff's experts Russell Vering, Rose Vering and Bradly Brown for Plaintiff's failure to comply with Rule 26(a)(2)(B).

The Court's scheduling order set the deadline for the disclosure of expert witnesses for December 15, 2013. (Filing 43.) Plaintiff filed its designation of expert witnesses on December 12, 2013. (Filing 49.) In its disclosure, Plaintiff identified five individuals by only providing their names, addresses and places of employment. Plaintiff did not provide any expert reports. On January 29, 2014, counsel for Travelers and American contacted Plaintiff's counsel to request that Plaintiff supplement its disclosure. Plaintiff agreed to do so, and on January 30, 2014, the parties filed a joint stipulation giving Plaintiff until February 14, 2014, to update its expert disclosure. (Filing 56.) The stipulation was subsequently approved by the Court. (Filing 57.)

On February 14, 2014, Plaintiff filed a supplemental designation of experts. The supplemental designation contained a summary of how Plaintiff expected each of its experts to testimony. However, Plaintiff did not provide any signed, written reports containing a statement of any expert's opinion.

On March 4, 2014, as well as on March 20, 2014, counsel for Travelers contacted counsel for Plaintiff to ask for further supplementation of Plaintiff's disclosures. Plaintiff agreed to again supplement its disclosures on or before April 4, 2014. The parties also stipulated that Defendants' deadline to disclose their experts would be continued until May 16, 2014.

Plaintiff again supplemented its disclosures on or about April 4, 2014. In its supplement, Plaintiff provided Oelkers's curriculum vitae and an unsigned spreadsheet. At that time, Plaintiff represented that Oelkers relied upon bookkeeping records and income tax returns to formulate his opinion. Plaintiff also made the following statement regarding Oelkers's testimony:

> It is anticipated that Mr. Oelkers will testify based upon his training, education, experience and personal knowledge. Mr. Oelkers is a certified public accountant who has prepared tax returns and provided other tax and financial information to the Plaintiff. It is anticipated that Mr. Oelkers will testify as to the lost revenues and profits as alleged in the Plaintiff's Complaint. See [the spreadsheet] attached to Plaintiff's Designation of Expert Witnesses.

(Filing 61.) Plaintiff still did not provide a signed, written opinion from Oelkers, however.

On April 8, 2014, Travelers and American filed their respective motions to strike. Subsequent to the filing of Defendants' motions, a telephone conference occurred between Plaintiff's counsel and defense counsel. Following the call, Plaintiff obtained copies of Plaintiff's 2006 through 2013 tax returns and QuickBooks support documents from Oelkers. Plaintiff then forwarded these items to defense counsel. Plaintiff also filed a second supplemental designation of expert witnesses on April 18, 2014, which incorporated a signed letter from Oelkers, purportedly setting forth Oelkers's expert opinion. (Filing 68.) Defendants have conceded that Plaintiff's most recent disclosure with respect to Oelkers's expert opinion complies with Rule 26(a)(2).

**DISCUSSION**

Defendants seek to strike Plaintiff's designation of expert witnesses for failure to comply with Rule 26(a)(2). Defendants argue that Plaintiff failed to comply with Rule 26's requirements by failing to provide expert opinion reports. Defendants argue that Plaintiff, by failing to timely disclose expert reports, have prejudiced Defendants' ability to effectively evaluate Plaintiff's damage claims and determine what expert testimony, if any, is necessary to refute the testimony of Plaintiff's experts.

With respect to the disclosure of expert witnesses, Rule 26(a)(2)(B) provides:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "A trial judge has broad discretion in deciding whether a Rule 26(a)

3

violation is substantially justified or harmless." *Michelone v. Desmarais*, 25 Fed. Appx. 115, 158 (4th Cir. 2002).

The Court has carefully considered the matter and has determined that exclusion of Oelkers's testimony is not warranted. Other than stating that its April 4, 2014 supplemental disclosure met the "intent, spirit, and purpose" of Rule 26(a), Plaintiff has not offered substantial justification for its failure to fully comply with the requirements of Rule 26(a). However, Defendants have not been prejudiced by Plaintiff's short-comings. Defendants agreed to give Plaintiff until April 4, 2014, to supplement its expert disclosures. Plaintiff did so by the agreed-upon date. Although Plaintiff's April 4, 2014 supplemental disclosure remained deficient, Plaintiff was able to fully meet the Rule's requirements by April 18, 2014. Given Defendants' consent to the April 4, 2014 deadline, the Court finds the two-week delay in receiving a satisfactory supplement did not cause Defendants undue prejudice. Moreover, this case is barely a year old, trial is not set to occur until October 21, 2014, and Plaintiff has agreed to an extension of all case progression deadlines should Defendants so desire. The Court cannot find prejudice under the circumstances presented here.

American's motion to exclude the testimony of experts Russell Vering, Rose Vering and Bradly Brown will likewise be denied. American argues that Plaintiff's disclosures with respect to these individuals are deficient because Plaintiff has not provided reports from these experts. Plaintiff has represented to the Court that these experts need not provide expert reports because they have not been specially retained to provide expert testimony in this case. American has not responded to Plaintiff's representation. Therefore, the Court will deem Plaintiff's disclosures with respect to these experts sufficient.

**IT IS ORDERED:**

1. Travelers's Motion to Strike (filing 62) is denied.

2. American's Motion to Exclude (filing 65) is denied.

**DATED May 15, 2014.**

                **BY THE COURT:**

                **S/ F.A. Gossett**
                **United States Magistrate Judge**